**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KENDALL L. HOLLEY,
Plaintiff-Appellant,

v.                                                                    No. 96-1169

TOGO D. WEST, JR.,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge; Albert V. Bryan, Jr.,
Senior District Judge.
(CA-95-1242-A)

Submitted: October 3, 1996

Decided: October 15, 1996

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kendall L. Holley, Appellant Pro Se. Jeri Kaylene Somers, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kendall L. Holley appeals from the district court's decision granting summary judgment to Togo D. West, Jr., Secretary of the Army, in Appellant's retaliation action, 42 U.S.C. § 2000e-3(a) (1994). Finding no error, we affirm.

Appellant claimed Appellee gave her a low performance evaluation in retaliation for the asthma-related complaint she filed with the Equal Employment Opportunity Commission (EEOC). However, Appellant failed to establish a prima facie case of discrimination, see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), because she established no causal connection between the low performance evaluation and the EEOC claim. Carter v. Ball, 33 F.3d 450, 460 (4th Cir. 1994); Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989). Appellant received several similar evaluations prior to her EEOC claim and her conclusory allegations of a connection are insufficient to survive summary judgment.

Further, even if she did establish a prima facie case, Appellant failed to show that Appellee's legitimate, non-discriminatory reason for the low performance evaluation was a pretext for retaliation. See St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). Appellee claimed the low evaluation was due to Appellant's poor performance; Appellant failed to present any evidence that, but for the alleged retaliation, she would have received a better evaluation, as is evidenced by her prior equally low evaluations. Dwyer v. Smith, 867 F.2d 184, 190-91 (4th Cir. 1989).

Finally, Appellant also alleged Appellee discriminated against her by placing her on leave restriction, failing to offer her requested training, and excluding a sergeant from the evaluation process. However, Appellant failed to raise these issues in administrative proceedings, thus precluding her from raising them in federal court. See Brown v. General Services Administration, 425 U.S. 820 (1976).

Accordingly, we affirm the district court's decision and deny Appellant's motion to appoint counsel. We dispense with oral argu-

ment because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED